IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER PALAZZO, | Civil Action No. 05-5093 (JBS) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| DAVID CIURLINO, et al., |  |
| Defendants. |  |

**SIMANDLE**, District Judge:

This motion by the Plaintiff to transfer venue presents an unusual situation where the Plaintiff, who chose the District of New Jersey as his forum, now seeks to transfer this case to the Eastern District of Pennsylvania. Transfer is sought pursuant to 28 U.S.C. § 1404(a). Formerly, a plaintiff could not seek transfer under Section 1404, see Anschell v. Sackheim, 145 F. Supp. 447 (D.N.J. 1956). More recently, decisions have held that any party may make a motion for transfer under Section 1404, see Roberts Bros., Inc. v. Kurtz Bros., 236 F. Supp. 471 (D.N.J. 1964) and, that with changed conditions, a plaintiff may have just cause for requesting a transfer. Ferens v. John Deere Co., 494 U.S. 516, 530-31 (1990); Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 501-02 (D.N.J. 1998). The statute itself is textually neutral, stating:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  Thus, as in any Section 1404 transfer motion, the Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).  Where it is the plaintiff seeking to transfer the case, the "paramount consideration" given to the plaintiff's original choice of venue, see Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert denied, 401 U.S. 910 (1971), becomes a neutral factor. Where the plaintiff originally chose one forum and now, due to a new appreciation of the difficulties of obtaining discovery and preparing the case in the selected forum chooses another, the Court is free to determine and balance the factors of convenience to parties, convenience to witnesses, and interests of justice to select the forum.

Plaintiff Christopher Palazzo, residing in Cherry Hill, New Jersey, alleges that on November 16, 2003, he was a patron of the Paradigm Club in Philadelphia, Pennsylvania when he was assaulted by defendant Michael DeBella, a minor who had allegedly become intoxicated at that establishment.  The Paradigm Club is apparently owned by defendant David Ciurlino, who is a Pennsylvania resident, as is defendant Michael DeBella.

The Court's jurisdiction is based upon diversity of citizenship, plaintiff being a New Jersey citizen and the defendants being citizens of Pennsylvania, with plaintiff claiming damages for personal injury in excess of $75,000.  The Complaint alleged that venue was proper in New Jersey under 28 U.S.C. § 1391(a) because of defendants' alleged contacts to New Jersey.  New Jersey venue is, however, doubtful because Section 1391(a), which applies to diversity cases, permits that this civil action may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  Subpart 3, which could arguably confer venue in New Jersey, is only applicable if subparts 1 and 2 are unavailable.  This case would seem to fall into Subsection 1391(a)(1), requiring the matter to be venued in the Eastern District of Pennsylvania, since that is the judicial district in which all defendants allegedly reside.  Similarly, venue in the Eastern District of Pennsylvania is appropriate under Subsection 1391(a)(2), since that is the judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred. Accordingly, the case is properly venued in the Eastern District of Pennsylvania, while venue in the District in New Jersey is statutorily doubtful.

Aside from the probable lack of venue in the District of New Jersey, the case is appropriately brought in the Eastern District of Pennsylvania. According to the affidavit of counsel in support of this motion to transfer venue, counsel believed that New Jersey was the appropriate forum because plaintiff and several of plaintiff's fact witnesses are New Jersey residents, as are two bartenders employed by the defendant who are also witnesses. (Sonstein Aff., paragraph 2). Plaintiff's counsel now submits that the case would proceed in a more expeditious fashion if the case were venued in the Eastern District of Pennsylvania, as that is the residence and principal place of business of both defendants (<u>id</u>., paragraph 5).

This Court agrees that, since the incident arose exclusively in Philadelphia, and all defendants are Pennsylvania citizens, that venue better serves the convenience of the parties and the convenience of witnesses, especially since plaintiff has abandoned his choice of New Jersey forum. The interests of justice are also served by transfer since it is clear that the case should have been venued in the Eastern District of Pennsylvania and that dismissal of the case in New Jersey beyond

4

the two-year statute of limitations could potentially preclude refiling the matter in the Eastern District of Pennsylvania, which would be unfair to plaintiff.  The defendants, moreover, who have not yet responded to the complaint, would not have a plausible objection to this transfer to their home forum.

    Accordingly, plaintiff's motion to transfer venue to the United States District for the Eastern District of Pennsylvania will be granted, and the accompanying Order will be entered.

**July 28, 2006**                       **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                           U.S. District Judge